IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Norman Yates Carthens, #253506, | ) | |
| | ) | Civil Action No. 8:08-107-HFF-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Sgt. Lewis, Barnwell County Detention | ) | |
| Center; Sgt. Johnson, Barnwell County | ) | |
| Detention Center; Officer S. Williams, | ) | |
| Barnwell County Detention Center; and | ) | |
| Officer B. Johnson, Barnwell County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. He has also pled a state law claim for assault and battery. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 27] The plaintiff alleges that the defendants assaulted him without justification on numerous occasions.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

> that there is no genuine issue as to any material fact and that
> the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are

3

insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

### I.    Excessive Force Claim

The plaintiff makes an Eighth Amendment claim that the defendants used excessive force against him on apparently **five** separate occasions. Specifically, the plaintiff contends that, in February 2006, defendant officers B. Johnson and Lewis "jumped on" him and beat him for no particular reason. (Compl. at 3.) The plaintiff further contends that on a later date defendant officers Lewis and Williams threw him out

4

of his wheelchair and dragged him to a transport vehicle.  *Id*.   Next, the plaintiff claims that in route to the hospital on another occasion, defendant officer Lewis punched him in the face.  *Id*.  Additionally, the plaintiff alleges that on March 9, 2006, defendant officer B. Johnson again "jumped on" him, badly beat him while he was handcuffed, punched him in the face, and kicked him in the ribs.  *Id*. at 4.  The plaintiff further contends that, as a result, he fell and his head on the toilet.  *Id*.  Incredibly, the plaintiff alleges that upon return from the hospital, defendants Johnson and Lewis came to his cell, handcuffed him, and tied him up with a "drop . . .  or extension cord."  *Id*.  The plaintiff states that they "jumped on" him until he was "badly bleeding" and then left him tied up for hours. *Id*.

To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The objective component requires the inmate to prove that the use of force was more than *de minimis* or, in the alternative, that it was repugnant to the conscience of mankind.  *Id*. at 9-10.  *De minimis* injury can be conclusive evidence that the force used

was also *de minimis* and, therefore, not violative of constitutional protections.  *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

### A.     Subjective Component of Take Down Claim

To prove the subjective component of his claim, the plaintiff must show that an officer acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The state of mind required in excessive force claims is "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). "Put differently, the core judicial inquiry regarding the subjective component of an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir.2008) (internal quotations and citation omitted).

In *Whitley*, the Supreme Court set forth four non-exclusive factors to assist courts in assessing whether an officer has acted with "wantonness": (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321 (internal quotations omitted) (applying these factors in a prison riot case); *see Hudson*, 503 U.S. at 7 (extending the *Whitley* standard "to all allegations of excessive force").

The Court easily concludes that the plaintiff has created issues of fact regarding the subjective component of his claim.  If the plaintiff's version of the facts are believed,

6

then a reasonable jury would be justified in concluding that there was no reason for the force used in the five incidents; that the force was, thus, disproportionate to any perceived threat; and, therefore, was applied sadistically and maliciously and not in a "good-faith effort to maintain . . . discipline" and security, *Iko*, 535 F.3d at 238. As stated, the plaintiff claims that the defendants assaulted him on all five occasions without provocation. Actions "totally without penological justification" can constitute "unnecessary and wanton inflictions of pain." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quotations omitted).

The defendant officers would not enjoy qualified immunity for such actions, as alleged. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At all times relevant to this case, the defendants would have been fully aware that the plaintiff's right to be free from force employed "maliciously and sadistically for the very purpose of causing harm" was clearly established and that they could not physically assault the plaintiff without cause. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Although the defendants summarily dispute the plaintiff's version of the events alleged, the plaintiff's testimony creates issues of fact as to the subjective component of his claim.

## B.    Objective Component

The defendants argue, however, that even if the plaintiff can create issues of fact as to the subjective component of his claim he cannot demonstrate that he suffered any objective harm. The Court disagrees for two reasons. First, the plaintiff has submitted

7

evidence of harm and, second, even to the extent that evidence is wanting, the Court believes that the allegations, if believed, represent conduct repugnant to the conscious of mankind such that no showing of injury is required.

As to the objective component of the test, an injury is "sufficiently serious" if it rises above the level of *de minimis* harm.  *Hudson*, 503 U.S. at 9-10.  *De minimis* injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections.  *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).  "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973).  *See also Williams,* 77 F.3d at 761 (holding prison officials are entitled to use appropriate force to quell prison disturbances, and acting under pressure without the luxury of a second chance, an inmate must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm).

It appears that issues of fact remain as to whether the plaintiff can establish the objective element of his claim.

First, the defendants have submitted evidence attempting to undermine the plaintiff's credibility generally as to all of the incidents, stating that he "has never been transported for medical assistance due to any physical or mental abuse by officers or employees of the Detention Center."  (Neal Aff. ¶ 4.)  The defendants contend that the plaintiff has only been transported to the hospital or doctor's visits for "routine medical . .

8

. or stress test[s]" and other "routine appointments."  *Id*. ¶ 6; (Lewis ¶ 5.)  The defendants also generically aver that they have ever treated the plaintiff in the manner alleged.

The plaintiff, conversely, paints a very different picture with his evidence.  He has brought forward various hospital records indicating that he was in fact seen for alleged injuries suffered as the result of alleged attacks by defendant officers.  (Pl. Ex. A (2/27/06); Pl. Ex. B (3/9/06); Pl. Ex. F (5/24/06).)  A record from February 2006, indicates that he was seen for an "assault," "head injury," and states that "officers attacked me." (Pl. Ex. A at 3.)  A record from March 9, 2006, states that the plaintiff was found lying on the floor of his cell "bleeding from the posterior portion of his head."  (Pl. Ex. B at 3.)  The record reflects that the plaintiff claimed that the injuries were suffered during an altercation with an officer and that the officer pushed him to the floor.  *Id*.

The type of injuries actually reflected by these documents is not entirely clear, although the Court believes that they create issues of fact as to whether the plaintiff suffered more than *de minimis* injuries on at least some of the five occasions.  But, the Court believes the issue ultimately irrelevant.  The plaintiff has brought forward evidence which a reasonable jury could interpret as undermining the general credibility of the defendants as to the alleged incidents.  Their position that the plaintiff has never been seen at a hospital for any alleged assault by officers seems dubious based on the submitted evidence of the plaintiff.  Moreover, if the plaintiff's personal testimony is credited over that of the defendants, a jury would be justified in believing him and, thereby, concluding that the defendants assaulted him on some or *all* of the alleged

9

occasions without provocation.  If that were the jury's conclusion, then a showing of any particular magnitude of injury would be unnecessary in the Court's estimation.

Specifically, some "force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain."  *Norman*, 25 F.3d at 1264.  Where the circumstances involve either force which is "repugnant to the conscience of mankind," or the pain, described, can properly be said to constitute more than *de minimis* injury, no specific injury need be shown.  *Norman*, 25 F.3d at 1264.  The Court believes that unprovoked physical assaults, punches to the face, kicks to the ribs, and dumping an individual out of wheelchair and dragging them to the car cannot be tolerated, regardless of the extent of damage inflicted.  These allegations amount to more than the random push or shove, *see Johnson*, 481 F.2d at 1033, with which the defendants would attempt to equate them, *cf. Norman*, 25 F.3d 1259 (keys swung at an inmate's face striking his thumb was *de minimis* force); *Gavin v. Ammons*, 21 F.3d 430 (7th Cir. 1994) (guard pulling inmate's hair was *de minimis* force); *Jackson v. Pitcher*, 966 F.2d 1452 (6th Cir. 1992) (guard stomp on hand of inmate was *de minimis* force). These alleged incidents implicate basic issues of human "dignity."  See *Hope*, 536 U.S. at 738.

Accordingly, the plaintiff has established issues of fact as to both components of his Eighth Amendment claim.

The Court further disagrees with the defendants that Sgt. Johnson and Officer Williams should be dismissed from the case.  The defendants contend that the plaintiff

has not alleged any actions by these individuals but simply that they observed one of the incidents (Compl. ¶ 7).   The Court, believes, however, that this is sufficient to survive summary judgment.  A public official may be found deliberately indifferent where they are personally aware of facts indicating a substantial risk of serious harm and have actually recognized the existence of such a risk but fail to alleviate that risk. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294 (4th Cir. 2004).  If these defendants saw an unconstitutional assault on the plaintiff, it was their obligation to intervene.  *See Odom v. S.C. Dept. of Corr.*, 349 F.3d 765, 771, 775-77 (4th Cir. 2003) (noting, in finding that the prison guards were aware of the risk to the plaintiff, that the guards previously and contemporaneously had been warned that the plaintiff's assailants would attack him if given the chance and had been instructed to remove plaintiff from his recreation cage in light of this risk).

The plaintiff alleges that these defendants were present when defendant Lewis punched him in the face.  (Compl. ¶ 6-7.)  The plaintiff also contends that defendant Williams was one of the individuals who threw him out of the wheelchair and drug him to the car.  (Compl. ¶ 5.)   Officers Johnson and Williams dispute the plaintiff's allegations, but the relative credibility of the two accounts is a matter for the jury.  Accordingly, the plaintiff has created issues of fact as to whether Officers B. Johnson and Williams were aware of a substantial risk of harm but were deliberately indifferent and has created issues of fact as to Williams' actual involvement in an unconstitutional assault.

## II.     South Carolina Tort Claims

The defendants next contend that the plaintiff's assault and battery tort claim should be dismissed.  The defendants argue that such a claim is governed by The South Carolina Tort Claims Act ("Tort Claims Act"), S.C. Code § 15-78-10 *et seq*., which provides immunity for governmental employees in their official capacities.     The defendants further contend that the Tort Claims Act requires a plaintiff to sue the governmental agency or political subdivision where the employee works rather than the employee directly.   *See* S.C. Code § 15-78-70(c); *Faile v. South Carolina Dept. of Juvenile Justice*, 566 S.E.2d 536, 539 n.1 (S.C. 2002).

Both of these arguments are unpersuasive.  First, the plaintiff has sued the individual defendants in both their individual and official capacities.  (Pl. Mem. Opp. Summ. J. at 2.)  Second, the plaintiff alleges that the individual defendants committed the intentional tort of assault and battery, by attacking him with the purpose to do him harm.  Intentional acts of a governmental employee, intended to do others harm, are deemed outside the scope of their employment and, therefore, constitute an exception to South Carolina's waiver of immunity under the Tort Claims Act.   *See* S.C. Code § 15-78-60(17); *Moore by Moore v. Berkeley County School Dist.*, 486 S.E.2d 9, 11 (S.C. App.1997).

Accordingly, the plaintiff's tort claim for assault and battery is not governed by the Tort Claims Act and he has properly sued the defendants in their individual capacities. This determination does not affect the plaintiff's ability to establish the "under color of

12

state law" element of his Section 1983 claim.  *See Hibma v. Odegaard*, 769 F.2d 1147,

1171 (7th Cir. 1985)

## <u>CONCLUSION</u>

Wherefore, based upon the foregoing, it is recommended that the defendants'

motion for summary judgment [Doc. 27] should be DENIED as to all claims.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 27, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).